UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAND NASH,

       Petitioner,

v.

THOMAS GRIFFIN,
Superintendent, Green Haven Correctional Facility,

       Respondent.[1]

No. 13-CV-6150 (KMK)(LMS)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

On August 29, 2013, Shand Nash ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his August 12, 2009 judgment of conviction in New York State court and his concurrent terms of imprisonment of 22 years for manslaughter in the first degree and 15 years for criminal possession of a weapon in the second degree. (Pet. 1 (Dkt. No. 2).) Petitioner filed an Amended Petition (the "Petition") on January 22, 2014. (*See* Am. Pet. (Dkt. No. 8).) On March 13, 2014, the case was referred to Magistrate Judge Lisa M. Smith ("Judge Smith") pursuant to 28 U.S.C. § 636(b)(1). (*See* Dkt. No. 11.) On September 28, 2016, Judge Smith issued a Report and Recommendation (the "R&R") recommending that the Petition be denied. (*See* R&R (Dkt No. 28).) Petitioner filed objections to the R&R on December 12, 2016. (*See* Pet'r's Obj. to Proposed Recommendation ("Pet'r's Obj.") (Dkt. No. 33).) For the reasons set forth below, the Court adopts the R&R.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court is directed to change the case caption by substituting Petitioner's current custodian, Thomas Griffin.

## I. Discussion

### A. Standard of Review

#### 1. Review of a Magistrate Judge's Report & Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," id.; see also 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rules of Civil Procedure 5(b)(2)(C)–(F), see Fed. R. Civ. P. 6(d), for a total of 17 days, see Fed. R. Civ. P. 6(a)(1).

"A district court evaluating a magistrate judge's report may adopt those portions of the report [and recommendation] to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013). However, where a party timely objects to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[2] "When a [petitioner] simply rehashes the same arguments set forth in [his] original petition, however, such objections do not suffice to

---

[2] Petitioner's objections were untimely. The Court will nonetheless deem them to have been timely made.

2

invoke de novo review of the [r]eport." *Aponte v. Cunningham*, No. 08-CV-6748, 2011 WL 1432037, at *1 (S.D.N.Y. Apr. 11, 2011) (italics omitted); *see also Hall v. Herbert*, Nos. 02-CV-2299, 02-CV-2300, 2004 WL 287115, at *1 (S.D.N.Y. Feb. 11, 2004) ("[T]o the extent that a party simply reiterates his original arguments, the [c]ourt reviews the report and recommendation only for clear error.").

### 2. Habeas Corpus Review

Petitions for a writ of habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that "[t]he writ may not issue for any claim adjudicated on the merits by a state court unless the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States,' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'" *Epps v. Poole*, 687 F.3d 46, 50 (2d Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1)–(2)). In this context, "it is the habeas applicant's burden to show that the state court applied [federal law] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam). "[A]n unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (internal quotation marks omitted). Consequently, a federal court must deny a habeas petition in some circumstances even

3

if the court would have reached a conclusion different from the one reached by the state court, because "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102; *see also Cullen v. Pinholster*, 563 U.S. 170, 202–03 (2011) ("Even if the [federal] Court of Appeals might have reached a different conclusion as an initial matter, it was not an unreasonable application of our precedent for the [state court] to conclude that [the petitioner] did not establish prejudice."); *Hawthorne v. Schneiderman*, 695 F.3d 192, 197 (2d Cir. 2012) ("Although we might not have decided the issue in the way that the [New York State] Appellate Division did—and indeed we are troubled by the outcome we are constrained to reach—we . . . must defer to the determination made by the state court . . . ." (citation omitted)).

Under AEDPA, the factual findings of state courts are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1); *Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997). A petitioner can rebut this presumption only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Cotto v. Herbert*, 331 F.3d 217, 233 (2d Cir. 2003) (same). Finally, only federal law claims are cognizable in habeas proceedings. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

B. Petitioner's Objections

Petitioner asserted four grounds for relief in his Petition: (1) the trial court erred by refusing to read certain testimony back to the jury during deliberations; (2) the trial court was biased in favor of the prosecution; (3) the trial court overlooked improper police conduct indicating that Petitioner's post-arrest statements were coerced; and (4) Petitioner was deprived of due process because the trial court's sentencing determination took into account two crimes for which Petitioner was not convicted. (*See generally* Am. Pet.) Judge Smith found no merit in any of these contentions. Petitioner objects to Judge Smith's findings with respect to the first three issues.[3]

1. Failure to Read Back Testimony to the Jury

Petitioner argues that he was deprived of a fair trial because the trial court declined to read back to the jury all of the trial testimony that the jury requested to hear. (*See* Pet'r's Obj. 4.) Petitioner's contention is factually incorrect. During deliberations, the jury sent the court a note requesting to hear Petitioner's direct and cross-examination testimony, a taped phone conversation between Petitioner and Patrick Scott ("Scott"), and the direct and cross-examination testimony of Scott. (Trial Tr. ("Tr.") 1215.) The court reporter read to the jury the entirety of Petitioner's testimony and the court played the recorded phone conversation. (*Id.* at 1216.) The court then took a short break. (*Id.*) After the break concluded, the court reiterated a jury charge on the justification defense and then sent the jury to lunch. (*Id.* at 1220–24.) The court noted that it would read back Scott's testimony after the lunch break. (*Id.* at 1224.) During the lunch break, the jury sent the court a second note, stating that it wanted only to hear a certain portion of

---

[3] As to the fourth issue—the sentence the trial court imposed—the Court has reviewed the papers, and concludes that Judge Smith did not err in rejecting this claim.

5

Scott's direct testimony and no longer needed to hear the entire direct and cross. (*Id.* at 1225.) After the court attended to other requests made in the second note, the court reporter read the requested portion of Scott's testimony. (*Id.* at 1233.)

Judge Smith found no merit in Petitioner's contention because the "trial court meaningfully responded to the jury's notes and did not abuse its discretion." (R&R 10.) The Court finds no error in this conclusion. The trial court was fully prepared to read to the jury the entirety of Scott's testimony, but the jury no longer wanted to hear the full testimony. The trial court did not err by complying with the jury's request. *See Cottrel v. New York*, 259 F. Supp. 2d 300, 305 (S.D.N.Y. 2003) ("Whether to allow testimonial evidence to be read back to the jury is within the discretion of the trial court."). The Court thus finds no merit in Petitioner's objection to Judge Smith's recommendation on this issue.

### 2. The Trial Court's Bias

Petitioner argues that the trial court's evidentiary rulings were biased and undermined his defense. (*See* Pet'r's Obj. 8.) Judge Smith found that this claim was procedurally barred. (*See* R&R 12.) The Court agrees with Judge Smith's conclusion. On direct appeal, Petitioner argued that the trial court was biased. (*See* Resp't's Mem. of Law Ex. 5, at 31–39 (Dkt. No. 16).) The Appellate Division did not specifically address this claim, but held that Petitioner's "remaining contentions are unpreserved for appellate review and, in any event, [are] without merit." *People v. Nash*, 920 N.Y.S.2d 697, 698 (App. Div. 2011). Because Petitioner's claim about judicial bias was found to be "unpreserved for appellate review," the Court is procedurally barred from reviewing Petitioner's claim. *See Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) ("[E]ven when a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted."). And, as Judge Smith notes,

6

Petitioner has not remotely come close to establishing cause for the procedural default or any prejudice arising therefrom. The Court thus finds no merit in this objection.

### 3. Petitioner's Post-Arrest Statements

Petitioner argues that he was not afforded a full and fair suppression hearing because the trial court unduly restricted cross-examination of witnesses and the prosecution did not call all of the police officers that interrogated him. (*See* Pet'r's Obj. 11–13.) Petitioner argues also that there is no basis in the record to support the conclusions reached by Judge Smith and the trial court. (*Id.*) Judge Smith found no merit in Petitioner's claims.

"It is well-established that due process prohibits the use of a coerced, involuntary confession—evidence which is inherently untrustworthy—to secure a defendant's conviction." *La Touche v. Graham*, No. 10-CV-1388, 2013 WL 5323499, at *15 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks omitted). "The test employed to determine whether a defendant's will was overborne examines the totality of the circumstances surrounding his confession." *Id.* (internal quotation marks omitted). The relevant circumstances include both the "characteristics of the accused and the details of the interrogation." *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (internal quotation marks omitted).

The trial court's determination that Petitioner's post-arrest statements were admissible is not contrary to, or an unreasonable application of, Supreme Court precedent. Indeed, the trial court's determination finds ample support in the record. The court conducted a hearing on the admissibility of Petitioner's post-arrest statements and determined that Petitioner's statements were admissible. The court held:

> The credible evidence, the credible testimony and other evidence adduced at these hearings establishes that the defendant was at least twice advised of his Miranda warnings . . . and that both times he knowingly, voluntarily and intelligently waived those rights first in writing and then on videotape.

7

> There is no credible evidence to support an assertion the defendant was physically or psychologically abused or taken advantage of by the police. No promises or other inducements were made by the police.
>
> It is clear from the videotape that the defendant felt intense remorse either for the deceased or for his own plight and that this remorse rather than any police misconduct played a significant role in his making certain admissions.

(Tr. 217–18.)

The Court has reviewed the testimony given during the suppression hearing and holds that the totality of the circumstances reveal that the trial court's decision was not erroneous. The trial court considered the testimony of the witnesses at the suppression hearing and credited the testimony of the state's witnesses. On habeas review, the Court finds no basis in this record to disturb the trial court's ultimate determination or its credibility determinations. *See Scott v. Fisher*, 652 F. Supp. 2d 380, 429–30 (W.D.N.Y. 2009) ("The record adequately supports the conclusion that, contrary to [the petitioner's] contentions, the police officers read him the entire set of Miranda warnings. Absent clear and convincing evidence, th[e] [c]ourt is not permitted to re-evaluate the credibility of the witnesses not before it, and has no basis here to disturb the state court's credibility determinations on that issue."). Additionally, there is no merit to Petitioner's contention that the trial judge was biased against him, or that the prosecution was required to call the other detective involved in Petitioner's interrogation. The trial court heard testimony from one of the detectives present during the interrogation and watched a video of the events at issue. The Court thus finds no merit in Petitioner's objections to the R&R.

C. Petitioner's Belated Assertion of Additional Claims

On January 30, 2017, over four months after the R&R was issued and over three years after the Petition was filed, Petitioner filed a letter with the Court seeking to amend the Petition to assert three additional grounds for relief, which Petitioner claims to have asserted in a coram

8

nobis petition, and to stay the proceeding while the claims are litigated in state court. (Letter from Petitioner to Court (Jan. 30, 2017) at unnumbered 2 (Dkt. No. 34).)[4] Specifically, Petitioner seeks add the following claims to his Petition: (1) the verdict was against the weight of evidence; (2) the trial court failed to conduct a *Ventimiglia* hearing; and (3) there was a *Brady* violation because the prosecution did not turn over information regarding an immunity deal made with Scott. (*Id.*)[5]

A petitioner may amend his habeas petition to include additional claims only if those claims are timely under AEDPA or if the claims "relate back" to the original claims, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000). Relation back, in the habeas context, requires that "the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). An amended habeas claim "does not relate back (and therefore escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. Also, a claim does not relate back simply because it arises out of the same "trial, conviction, or sentence." *Id.* at 664 (internal quotation marks omitted).

AEDPA imposes upon a petitioner seeking federal habeas relief a one-year statute of limitations, which runs from "the date on which the judgment became final by the conclusion of

---

[4] In the letter, Petitioner also suggests that his due process rights were violated because he was not timely notified that his coram nobis petition was denied. Perhaps Petitioner may assert such a claim in a separate proceeding, *see David v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003), but it has little bearing on the issues presented to the Court in this case.

[5] The Court requested additional briefing on whether Petitioner should be permitted to amend the Petition. Respondent filed opposition papers on May 23, 2017, (*see* Dkt. Nos. 40–41), and Petitioner filed a response on June 26, 2017, (*see* Dkt. No. 44).

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A conviction in a New York State court becomes final 90 days after an order of the Court of Appeals is filed, i.e., when a petitioner's time to seek United States Supreme Court review has expired. *See Nieves–Andino v. Conway*, No. 08-CV-5887, 2010 WL 1685970, at *6 (S.D.N.Y. Apr. 20, 2010). The statute of limitations is tolled if any state post-conviction proceedings are pending after the conviction becomes final. *See* 28 U.S.C. § 2244(d)(2). However, the filing of a federal habeas petition does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

On April 12, 2011, the Appellate Division, Second Department affirmed Petitioner's judgment of conviction. (*See* Resp't's Opp'n Mem. Ex. 7 (Dkt. No. 16).) On June 22, 2011, the New York Court of Appeals entered an order denying leave to appeal. (*See* Resp't's Opp'n Mem. Ex. 10.) Petitioner did not seek a writ of certiorari from the United States Supreme Court. Thus, 90 days later, on September 20, 2011, his judgment became final. On June 19, 2012, 272 days later, Petitioner filed a motion to set aside his sentence pursuant to N.Y. Criminal Procedure Law § 440.20. (*See* Resp't's Opp'n Mem. Ex. 11.) At this point, the statute of limitations was tolled, leaving Petitioner 93 days to file a habeas petition. On March 6, 2013, the state trial-court denied his motion. (*See* Resp't's Opp'n Mem. Ex. 13.) On July 24, 2013, the Appellate Division, Second Department affirmed that decision, and the statute of limitations commenced again. (*See* Resp't's Opp'n Mem. Ex. 16.) On August 29, 2013, Petitioner timely filed his habeas petition. (*See* Dkt. No. 2.) AEDPA's statute of limitations expired on October 25, 2013. Thus, Petitioner's motion to amend, which was filed on January 30, 2017, was made outside of ADEPA's statute of limitations. To be permitted leave to amend, Petitioner's claims must therefore relate back to the claims asserted in the Petition.

The Petition asserts four grounds for relief: (1) the trial court erred by refusing to read certain testimony back to the jury during deliberations; (2) the trial court was biased in favor of the prosecution; (3) the trial court overlooked improper police conduct indicating that Petitioner's post-arrest statements were coerced; and (4) Petitioner was deprived of due process because the trial court's sentencing determination took into account two crimes for which Petitioner was not convicted. (*See generally* Am. Pet.) The only claim that arguably relates back to the Petition is the assertion that Petitioner did not receive a *Ventimiglia* hearing, as it is tangentially related to the sentencing issue. However, the sentencing claim and the *Ventimiglia* claim are not "tied to a common core of operative facts," *Mayle*, 545 U.S. at 664, because nothing about the sentencing claim put Respondent on notice that Petitioner would assert a claim relating to the denial of a pre-trial hearing. The other two claims are in no way related to the Petition.

Accordingly, Petitioner's motion to amend is denied.

## II. Conclusion

For the foregoing reasons, the Court adopts the R&R in its entirety and denies the Petition.[6] Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000). In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's

---

[6] The Court notes that the R&R erroneously states that Petitioner was eligible to receive a sentence of up to 30 years in prison as a result of his conviction for Manslaughter in the First Degree. (R&R 15–16.) Pursuant to New York Penal Law § 70.02(3)(a), Petitioner's maximum term of imprisonment on this charge was 25 years.

11

good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner, enter a judgment in favor of Respondent, and to close this case.

SO ORDERED.

DATED: August 30, 2017
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE